UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-129 (RJL) |
| | : | |
| v. | : | |
| | : | |
| ERIC SCURRY, | : | |
| also known as E, | : | |
| Defendant. | : | |

_____

**GOVERNMENT'S MOTION IN LIMINE FOR ADMISSION OF CERTAIN EVIDENCE
PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain "other crimes" evidence pursuant to Federal Rule of Evidence 404(b). In support of this motion, the United States respectfully relies on the following representations, points, and authorities, and any others that may be cited at a hearing on this Motion:

**FACTUAL BACKGROUND**

**The Charges**

Defendant is charged with Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(iii), and Unlawful Distribution of Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860. The indictment arose from a controlled purchase of cocaine base from the defendant, on May 29, 2002. On that day, a cooperating witness (CW), working under the supervision of agents with the Federal Bureau of Investigation, met with the defendant in an apartment in the 4200/4300 block of Fourth Street, S.E., Washington, D.C. Based on their previous relationship, the CW was able to approach defendant for the purpose of making the buy without an advance call.

Specifically, the CW met defendant in an apartment building hallway and stated IT had $1500. Defendant then led the CW into an apartment where another individual was sitting behind a table with a large quantity of crack cocaine, a gun, a scale, and marijuana on a table. As the other individual weighed and packaged crack cocaine on the table, defendant took a quantity of the crack and gave it the CW in exchange for the $1500. The transaction was recorded by way of an audio recording device secreted on the CW's person. Defendant, however, acted very cautiously during the buy. Although the CW repeatedly referred to the defendant by name – "Eric" – defendant was careful during the transaction insofar as he did not speak with CW or set foot outside the apartment building. The evidence at trial will show that the net weight of the crack cocaine sold by the defendant was 24.1 grams.

## The Proposed Rule 404(b) Evidence

The government seeks to introduce certain evidence of the defendant's prior uncharged criminal activity as background information showing his relationship to the CW who will testify at trial, and to prove defendant's knowledge, intent, preparation, plan, motive, and absence of mistake or accident as pertains to the May 29, 2002, conduct charged in the Indictment.

Specifically, before the CW testifies specifically about the controlled purchase in this case, the government seeks to elicit testimony from the CW that the CW knew the defendant for a number of years from the area of the 4200/4300 blocks of Fourth Street, S.E., the same area where the May 29, 2002, buy took place. The CW also will testify that, on more than one occasion between 2001 and 2002, the CW personally observed the defendant engage in hand-to-hand transactions, in which the defendant received U.S. currency, in the 4200/4300 blocks of Fourth Street, S.E.

In addition, the government intends to introduce evidence of a separate controlled

purchase of crack cocaine from the defendant made by a different cooperating witness (CW2), on or about April 17, 2001. On this occasion, CW2 approached the defendant in the same area – the 4200/4300 blocks of Fourth Street, S.E. – to see whether defendant could sell IT any crack cocaine. As with the transaction charged in the Indictment, on April 17, 2001, CW2 was able to approach defendant for the purpose of making the buy without an advance call. Defendant sold CW2 approximately 13 grams of crack cocaine for $750, and this transaction also was recorded by way of an audio recording device secreted on the CW2's person. Significantly, during this transaction, defendant stated to CW2, "I need to get the f— out there where you at," to which CW2 replied, "There's money out there." Defendant then stated "I'm too scared, though." This recorded conversation is significant insofar as it explains, in the defendant's own words, his cautious nature and his express preference for conducting illegal narcotics distribution inside, two hallmarks of the May 29, 2002, controlled buy charged in the Indictment.

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). The rule is one of inclusion rather than exclusion. See United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("'[A]lthough the first sentence is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance'—for the purpose of proving that a person's actions conformed to his character."). Indeed, the rule prohibits "only that which lacks any purpose but proving character." Id. at 930.

The analysis proceeds in two steps, beginning with the question of relevance.  Id.  The Court first determines whether "the other crime or act [is] relevant and, if so, relevant to something other than the defendant's character or propensity.  If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403."  Id.  Here the government seeks to introduce 404(b) evidence, not solely to prove the defendant's character, but rather as background information to show defendant's relationship with the cooperating witness, which is essential to understand and evaluate the evidence of the distribution in this case.   In addition, the 404(b) evidence pertaining to the earlier transaction with CW2 is necessary to show defendant's knowledge, intent, preparation, plan, motive, and absence of mistake or accident with respect to the May 29, 2002, transaction, insofar as on that occasion, defendant again distributed what he knew to be crack cocaine in a clandestine manner.

These purposes are permissible under Rule 404(b).  With respect to CW's prior observations of defendant engaging in hand-to-hand transactions with other drug customers, in CW's presence, our Court of Appeals has held that evidence which provides necessary background information and explains the relationship between witness and defendant constitutes a permissible purpose under FRE 404(b), even when that evidence reveals prior criminal activity by the defendant.  See, e.g., United States v. Edmonds, 69 F.3d 1172 (D.C. Cir. 1996); see also United States v. Clarke, 24 F.3d 257, 263 (D.C. Cir. 1994) (upholding admission of cooperator's testimony that he had been involved in at least 25 prior drug transactions with the defendants).

Edmonds upheld the admission of prior uncharged criminal acts that provided essential background information.  There, the defendant was charged with conspiracy to distribute more than fifty grams of cocaine base, and a government witness who was a member of the conspiracy testified that he sold drugs for the defendant "'over a hundred times' during the previous nine

4

years.'" Id. at 1174.  The Court of Appeals found the other crimes evidence admissible for the permissible purpose of showing motive, as the government used the evidence to show that defendant was a supplier of the government witness, and not vice versa as the defense contended. Clarke also involved the admission of 404(b) evidence that provided essential background information about the defendant's relationship to the cooperating witness.  Similarly, in Clarke, defendants were charged with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, and the trial court admitted testimony of a cooperating witness that he had been involved in at least 25 prior drug transactions with the defendant.  Clarke, 24 F.3d at 263.  The Court of Appeals upheld admission of the testimony, holding that the evidence of the previous drugs transactions was permissible for a number of non-character purposes including: to prove that the defendants intended to act illicitly; that they intended to distribute the cocaine; that they intended to sell the cocaine, not hoard it for personal use; and that the defendant's presence at the scene of the drug sale was not coincidental.  Id. at 264-65.  "In all of these considerations," the court stated, "character [was] not what was relevant."  Id.

     As in Edmonds and Clarke, here the testimony of CW concerning other transactions is necessary for context, not character.  The government is seeking to explain defendant's presence on the scene of the crime and to show why the defendant engaged in a particular behavior.  Specifically, the evidence will explain how CW knew the defendant; how IT knew the defendant would be in a position to sell drugs to him, and how IT knew the defendant would be willing and able to sell him nearly a one-ounce quantity of crack cocaine.  The 404(b) evidence also explains how the defendant and CW could arrive at the terms of the deal, such as type of drug, price, and quantity, without discussing specific details.  Indeed, as stated above, defendant was largely

5

silent during the May 29, 2002, transaction; the 404(b) evidence – which is far more benign than that permitted in Edmonds and Clarke – is therefore necessary to explain how the terms of such a transaction could be inferred.

The 404(b) of evidence of the earlier, April 17, 2001, transaction is also admissible for a non-propensity purpose. This is a distribution of narcotics case. At trial, the government has the burden of proving, beyond a reasonable doubt, that defendant "distributed the controlled substance knowingly and intentionally"; that is, that he did so "consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently"; and that "defendant knew that he distributed some type of controlled substance." Criminal Jury Instructions for the District of Columbia, Inst. 4.30 (alt. C) (4th Ed. Rev.). That the defendant previously sold a cooperating witness 13 grams of crack cocaine for $750 on April 17, 2001, is extremely probative of whether defendant knowingly and intentionally distributed approximately twice that amount on May 29, 2002, for approximately twice the price. As noted in United States v. Crowder, 141 F.3d 1202, 1209 n.5 (D.C. Cir. 1998) (en banc):

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession.

If that reasoning is applied to this case, the prior transaction helps to show that on May 29, 2002, defendant knew he was distributing crack cocaine, and it helps explain how defendant knew – without any specific discussion with the CW – how much crack cocaine to distribute for the $1500 provided by the CW. In Rule 404(b) parlance, the prior transaction is probative of

defendant's knowledge, intent, preparation, plan, motive, and absence of mistake or accident.[1]

In addition, the earlier transaction is highly probative insofar as it explains defendant's unique behavior during the May 29, 2002, buy. As stated above, when defendant sold to the CW on May 29, 2002, he was careful to remain indoors and out of sight. He was also careful to not speak to the CW during the deal, even regarding the specific terms of the transaction. The government's theory at trial will be that this behavior shows consciousness of guilt; that is, defendant was seeking to minimize his risk in consummating unlawful transaction. To that end, the fact that eleven months earlier defendant engaged in another crack cocaine transaction and expressly told his purchaser that he was particularly cautious when engaging in his drug trade ("I need to get the f— out there where you at. ... I'm too scared, though."), is necessary to explain defendant's conduct during the commission of the May 29, 2002, offense.

Having established the relevance of the proposed Rule 404(b) evidence, it should be admitted unless its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. Although the other crimes evidence in this case involves narcotics, that fact does not render it unfairly prejudicial; our Court of Appeals has admitted 404(b) evidence far more

---

[1] For other decision permitting Rule 404(b) evidence in analogous circumstances, see United States v. Latney, 108 F.3d 1446 (D.C. Cir. 1997) (evidence of possession of quantities of cocaine eight months after the charged distribution of cocaine admissible to prove intent and knowledge); United States v. Robinson, 59 F.3d 1318 (D.C. Cir. 1995) (evidence that defendant previously cut cocaine in apartment in which cocaine was found that defendant was charged with constructively possessing, admissible to prove intent and absence of mistake); United States v. Johnson, et. al., 40 F.3d 436 (D.C. Cir. 1994) (not abuse of discretion to admit in a drug case evidence of a prior drug transaction as bearing on intent to possess and government may introduce evidence to establish each of the elements of the offense, even those tactically ceded by a defendant); United States v. Rogers; 918 F.2d 207 (D.C. Cir. 1990) (trial court properly permitted government to introduce evidence that defendant, who was charged with possession of crack cocaine with intent to distribute it, had distributed crack in the same block about eight months earlier as proof of knowledge, intent, and absence of mistake).

outrageous than that in this case, particularly in comparison to the crime on trial. See, e.g., United States v. Gartmon, 146 F.3d 1015 (D.C. Cir. 1998) (affirming admission of evidence that the defendant, charged with fraud, had placed gun in wavering coconspirator's vagina and threatened her). As the Court in Gartmon noted,

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. It does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value. [citation omitted, alterations in original].

Id. at 1020.

Notably, the danger that this Court must weigh is not the danger that the other crimes evidence will weaken defendant's defense, but rather the danger that the jury will misuse the evidence by inferring that, merely because defendant engaged in these prior bad acts, he was prone to commit the charged offense. See United States v. Mitchell, 49 F.3d 769, 777 (D.C. Cir.). The law in this Circuit is clear, however, that in balancing the probative value and prejudice of other crimes, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)). Here, the proffered evidence of other crimes bears a close relationship to the offenses charged: All of the other crimes evidence occurred close in time –within one year – to the charged offense, and in the same geographic area. With regards to the earlier, April 17, 2001, transaction, the "other crime" involves the same controlled substance

(crack cocaine), sold in a similar manner (hand-to-hand, for cash, no advance call), at a quantity that suggests a consistent pricing structure (13 grams for $750 on April 27, 2001, vs. approx. 24 grams for $1500 on May 29, 2002).

Numerous other factors also show that the probative value of admitting the 404(b) evidence is not "substantially outweighed by the danger of unfair prejudice." See Fed. R. Evid. 403.  First, the probative value of the evidence is high—as explained above, it is necessary to understand the evidence in the case and defendant's conduct.  Second, any risk of unfair prejudice is low because the source of the 404(b) information are cooperating witnesses with criminal records, not a law enforcement official.  Thus, there is no danger of the jury accepting the testimony without proper scrutiny.  Moreover, defense counsel will have ample opportunity to portray the source of 404(b) information as lacking credibility.  Third, the jury will already be hearing testimony that defendant engaged in a drug transaction involving a significant drug quantity, namely the transaction charged in the Indictment, and the jury will be hearing that during this May 29, 2002, transaction, defendant and a third male were in the process of weighing and packaging approximately 125 grams of crack cocaine, while in possession of a firearm.[2]  Thus, any prejudice occasioned by the 404(b) evidence, involving only 13 grams of

---

[2] The evidence that the charged transaction took place inside an apartment where additional crack cocaine, marijuana, and a gun were on blatant display is not "other crimes" evidence within the meaning of Fed. R. Evid. 404(b), but rather is admissible as direct evidence of the charged crime.  See United States v. Badru, et al., 97 F.3d 1471, 1473-75 (D.C. Cir. 1996) (evidence that defendant smuggled heroin from Nigeria into the United States during same time frame was intrinsic to charged conspiracy to distribute heroin).  See also United States v. Manning, 79 F.3d 212, 218 (1st Cir.) ("Rule 404(b), by its very terms, excludes only extrinsic evidence -- 'evidence of other crimes, wrongs, or acts'. . . Evidence intrinsic to the crime for which the defendant is on trial, accordingly, is not governed by Rule 404(b)."); United States v. Ramirez, 45 F.3d 1096, 1102 (7th Cir. 1995) ("evidence of uncharged criminal activity is admissible, even if it does not satisfy the requirements of Fed. R. Evid. 404(b), if that evidence is 'intricately related to the facts of the case' before the court" (quoting United States v. Hargrove,

crack cocaine, will be marginal. Finally, the court's limiting instructions will even further reduce any risk of unfair prejudice.

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Motion be GRANTED, and that the United States be permitted at trial to introduce evidence that the cooperating witness in this case personally observed the defendant participating in previous hand-to-hand transactions, as well as evidence that defendant sold crack cocaine to another cooperating witness on April 17, 2001, pursuant to Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar # 498-610

ARVIND K. LAL
Assistant U.S. Attorney
D.C. Bar # 389-489

By:	/s/
MATTHEW P. COHEN
Assistant U.S. Attorney
D.C. Bar # 469-629
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Rm. 4118
Washington, D.C. 20530
(202) 514-7427 office
(202) 514-8707 facsimile

---

929 F.2d 316, 320 (7th Cir. 1991)); United States v. Aleman, 592 F.2d 881, 885 (5th Cir. 1979) ("The policies underlying [Rule 404(b)] are simply inapplicable when some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all of his actions.").