IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.  Case No.: 07-129 (RJL)

ERIC SCURRY

**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF PRIOR DRUG DEALING, DRUG POSSESSION AND DISCUSSIONS OF NARCOTICS NOT INVOLVING MAY 29, 2002**

COMES NOW the defendant, Eric Scurry, by counsel, and moves this Court to exclude evidence of alleged drug transactions occurring between 2001 and 2002, not charged in this matter, involving the defendant. In support of this motion, the defendant states the following:

**Background**

The United States alleges that on or about May 29, 2002, the defendant distributed 5 grams or more of cocaine base, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(iii), and Unlawfully Distributed Cocaine Base within 1000 feet of a School, in violation of 21 United States Code, § 860. Allegedly these crimes involved the defendant and a confidential informant working with law enforcement. The United States maintains the confidential informant knew the defendant prior to May 29, 2002 and, although the informant did not seek to engage the defendant in a drug transaction on that date, the defendant provided the informant with drugs after the "target" drug dealer could not be located. Specifically, the informant was informed by an unidentified person that the defendant could provide the informant with drugs. According to the United States, the

confidential informant had received drugs from the defendant previously. The transaction allegedly involved $1,500.00 worth of cocaine base ("crack").

The Government seeks to introduce the confidential informant's alleged prior drug transactions with the defendant as well as "crack" cocaine seized from a car allegedly belonging to the defendant as evidence in this case. For the reasons stated in the defendant's argument, the defendant objects.

## **Argument**

The evidence of prior drug dealing involving the defendant as well as "crack" cocaine seized from a car allegedly belonging to the defendant involves inadmissible 404(b) evidence. As such, the admissibility of this evidence should be barred. Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In addressing the admissibility of bad acts evidence under the Federal Rules of Evidence, this circuit has employed a two-step mode of analysis. Under the first step, which addresses Rule 404(b), the court must determine whether the evidence is relevant to a material issue other than character. *United States v. Mitchell,* 49 F.3d 769, 775 (D.C.Cir.1995) (citations omitted). *See also Huddleston v. United States,* 485 U.S. 681, 686, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) ("The threshold inquiry a court must make before admitting similar acts evidence under Rule

404(b) is whether that evidence is probative of a material issue other than character."). If so, the court proceeds to the second inquiry, under Federal Rule of Evidence 403, whether the probative value is substantially outweighed by the prejudice. *Mitchell,* 49 F.3d at 775.

      Here, the government argues that the evidence is relevant to provide background information essential to the jury's understanding and evaluation of the evidence of distribution in this case. In addition, the government maintains that the evidence is relevant to show defendant's knowledge, intent, preparation, plan, motive, and absence of mistake or accident with respect to the May 29, 2002, transaction, insofar as the relationship with the cooperating witness demonstrates the defendant's "clandestine" approach to selling drugs. However, the two cases initially cited by the government, United States v. Edmonds, 69 F.3d 1172 (D.C. Cir. 1996) and United States v. Clark, 24 F.3d 257 (D.C. Cir. 1994), in support of their position, deal with conspiracy counts. In Clark, the main issue was the defendant's intent to act illicitly by associating with known drug dealers for the purpose of facilitating a drug conspiracy. Moreover, in Edmonds, the prior bad acts established that Edmonds was the supplier of drugs sold by Harrison and Harrison served as the "middleman" during their drug conspiracy. It provided background information concerning the relationship between the co-conspirators and how each was compensated and what their respective roles were in the conspiracy. It also demonstrated intent to engage in illicit conduct.

In this case, testimony of the defendant's past conduct does not go to intent or any other permissible reason allowed by Rule 404(b). It merely shows a pattern of illegal behavior and/or suspected illegal behavior that would only create undue prejudice to the defendant. The only issue relevant to this case is whether the defendant sold drugs on May 29, 2002. Obviously, if the jury believes the government's witnesses concerning the events of this case, then they will have enough to convict the defendant. The fact that he may have sold, possessed, or possessed with the intent to distribute "crack" cocaine in the past is not relevant. If the jury concludes that drugs were sold by the defendant on May 29, 2002, after being asked for "crack" by the witness, it would make logical sense that the defendant knowingly intended to sell the witness "crack" cocaine.

Issues concerning plan, motive, absence of mistake or accident do not exist in this case. The witnesses did not have a prearranged deal to meet with the defendant to purchase "crack." In fact, the government's evidence is that each witness went looking for another suspected dealer before allegedly deciding to purchase "crack" from the defendant. The government argues that the defendant had a sophisticated way of selling drugs in an inconspicuous and clever way; however, according to their proffered evidence of prior drug activity, the defendant would talk openly about drugs to potential buyers and sell drugs directly from his car without the use of a "middleman." Each of the recorded encounters allegedly involving the defendant purportedly has the defendant discussing "crack" cocaine. Ironically, the only alleged transaction that does not contain audio of the defendant discussing "crack" cocaine involves the charged

offenses.  Clearly, the government wishes to offer the prior bad acts of the defendant to show character in conformity with the alleged events of May 29, 2002.  That clearly violates Rule 404(b).

Even if this court considers the above evidence as non 404(b) evidence, this court has the authority to exclude it under Rule 403 of the Federal Rules of Evidence.  Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Clearly, evidence of a prior "crack" possession and dealing involving the defendant creates such risks.  The only value of such testimony would be to bolster the credibility of the government's witnesses and taint the jury's view of the defendant.  The only issue in this case concerns whether the defendant sold "crack" cocaine on or about May 29, 2002.  According to the evidence presented by the government via discovery, this case does not involve complex legal theories or multiple defendant's warranting explanation of a "grand" scheme of illicit conduct.  This is a typical drug case involving a single sale and purchase of "crack" cocaine.

WHEREFORE, the defendant respectfully requests that this Court exclude evidence of prior drug dealing, narcotics possession and/or narcotics discussions not involving May 29, 2002.

                          Respectfully submitted  
                          ERIC SCURRY

                          /s/  
                          _____  
                          Dwight E. Crawley, Esq.  
                          DC Bar#472672

Attorney for Eric Scurry  
Law Office of Dwight E. Crawley  
1655 N. Fort Myer Drive  
Suite 700  
Arlington, VA 22209  
(703) 786-4004 Phone  
(202) 882-0024 Fax  
vadclawyer@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Matthew P. Cohen  
Assistant United States Attorney  
DC Bar # 469-629  
Organized Crime and Narcotics Trafficking Section  
555 4th Street, NW, Rm. 4118  
Washington, DC 20530  
(202)514-7427 Office  
(202)514-8707 Facsimile  
Matthew.Cohen2@usdoj.gov

And

Arvind K. Lal  
Assistant United States Attorney  
DC Bar # 389-489  
Organized Crime and Narcotics Trafficking Section  
555 4th Street, NW, Rm. 4217  
Washington, DC 20530  
(202)353-8833 Office  
(202)514-8707 Facsimile  
Arvind.Lal@usdoj.gov

/s/  
_____  
Dwight E. Crawley, Esq.  
DC Bar # 472672  
Attorney for Eric Scurry  
Law Office of Dwight E. Crawley  
1655 N. Fort Myer Drive  
Suite 700

Arlington, VA 22209
(703) 786-4004 Phone
(202) 882-0024 Fax
vadclawyer@aol.com