# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-129 (RJL)** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIC SCURRY,** | : | |
| **also known as E,** | : | |
| **Defendant.** | : | |

_____

## GOVERNMENT'S PROPOSED VOIR DIRE
## QUESTIONS AND PROPOSED JURY INSTRUCTIONS

The United States of America, by and through it attorney, the United States Attorney for the District of Columbia, respectfully submits the following Proposed Voir Dire Questions and Proposed Jury Instructions.

## PROPOSED VOIR DIRE QUESTIONS

1. This is a criminal case.  The charges in this case are that on or about May 29, 2002, the defendant, Eric Scurry,  distributed a controlled substance, specifically cocaine base, also known as crack cocaine, in the 4300 block of Fourth Street, S.E., here in Washington, D.C., within 1000 feet of a school.  Does any member of the panel know anything about the facts and circumstances of this case?

2. Does any member of the panel know the defendant, Eric Scurry?

3. The United States alleges that the events set forth in the indictment occurred in the 4300 block of Fourth Street, S.E., here in the District of Columbia:

   a). Do any members of the jury panel live near, work near, or have anything other than a general familiarity with that location?

   b). If the answer is yes, would that fact affect your ability to be fair and impartial

in this case?

4.      The Assistant United States Attorneys assigned to prosecute this case are Matthew Cohen and Arvind Lal.  Do any of you know Mr. Cohen or Mr. Lal?

5.      The attorney representing Mr. Scurry is Dwight Crawley. Do any of you know Mr. Crawley?

6.      The government will call a number of witnesses to testify during the trial.  The defense may also, but is not required to, call witnesses. Mr. Cohen will now read a list of names of witnesses that you may hear from and of people that you may hear about during the trial.  The defense will do the same **[if it wishes.]**  Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses or participants in this case.  Do any members of the panel know any of the people just announced?

(All available witnesses will be brought into the courtroom for introduction.  Those witnesses not present will be introduced by name.)

7.      Do any of you know anyone else in the courtroom, including me, the courtroom clerk, the court reporter, or the Marshals?

8.      The defendant is presumed innocent unless and until the government proves their guilt beyond a reasonable doubt.  Is there anyone who cannot accept this and presume that this defendant is  innocent?  This presumption of innocence can only be overcome  if the government proves the defendant's guilt beyond a reasonable doubt.  Is there anyone who cannot accept this standard?

9.      Is any member of the panel or any close friend or relative currently employed -- or has been previously employed -- as a law enforcement officer?  A law enforcement officer would be someone who works for the Metropolitan Police Department, the Capitol Police, the Park Police,

2

the Secret Service, the FBI, the Drug Enforcement Administration, the D.C. Department of Corrections, the United States Attorney's Office, and other law enforcement agencies.

10.    Would any member of the panel tend to believe or disbelieve the testimony of a law enforcement officer simply because he or she is a law enforcement officer?  Would any member of the panel tend to give more or less weight to the testimony of a law enforcement officer than given to testimony by other witnesses?

11.    Does any member of the panel believe that law enforcement officials are not trustworthy or that they tend to fabricate information or evidence?

12.    Would any of you tend to give either more or less weight to the testimony of a government informant/cooperating witness simply because of his or her status as a government informant/cooperating witness?

13.    Have any of you, any members of your family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's office or the Court, which would make it difficult for you to be a fair or impartial juror in this case? (answers at the bench)

14.    Has any member of the panel or a close friend or relative studied law or had any legal training, including paralegal training?

     a.    In what areas of law has that training or practice been?

     b.    Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

     c.    If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or your ability

3

to be fair and impartial in this case?

15.     Is any member of the panel or a close friend or relative presently employed or has such person ever been employed, by a defense attorney, defense law firm, or a prosecutor's office?

a.      In what capacity?

b.      Would that affect your ability to render a fair and  impartial verdict?

16.     Do any of you, your close friends or relatives presently have pending an application for employment with the United States Attorney's Office, the public defender service, or a defense attorney?

17.     Has any member of the jury panel ever served on a Grand Jury?  If the answer is yes, do you understand that the burden of proof before the Grand Jury is one of probable cause, while at trial the Government must prove the essential elements of the case against the defendant beyond a reasonable doubt?

18.     Has any member of the panel ever served as a juror in a criminal case in a Federal court, a District of Columbia court, or in a court located in some other state?

19.     Has any member of the jury panel, any family member or a close friend been a witness to, a victim of, or convicted of a crime within the last 10 years? (Answers to be taken at the bench).

20.     This case involves allegations of distribution of narcotics.  Does anyone have such strong feelings about drugs that the nature of the charges make it difficult for you to be fair and judge this case on the evidence presented in court?

21.     Does any member of the panel disagree with the prosecution of drug offenses?  For example, does any member of the panel believe that the possession of drugs in the District of Columbia should be legalized?  Or does any member believe that either too much or too little effort

4

is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

22.    This trial is expected to least two to three days.  The length of deliberations is determined by the jury itself.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to in the next few days such that he or she could be faced with a hardship if selected for the jury in this case?

23.    Is there any member of the jury panel who has any moral, religious or philosophical beliefs that would make it difficult to render a judgment in this case based solely upon the evidence presented during the trial? (Answers to be taken at the bench).

24.    Does any member of the panel know any other member of the panel?  Would that affect your ability to decide the case for yourself based on your individual judgment?

25.    The Court will instruct you on the law that governs this case.  Is there anyone who for any reason would not be able to accept and follow the Court's instructions regarding the law?

26.    Does any member of the panel have any sight or hearing problems?  Do any of you suffer from an illness that would make it difficult for you to sit as a juror?   Are any of you presently taking medication which would cause drowsiness, confusion or discomfort? (Answers to be taken at the bench).

27.    Do any of you know of any reason why you cannot sit as a juror in this case and render a fair and impartial verdict based upon the evidence and the law as you shall hear it? (Answers to be taken at the bench).

<u>PROPOSED JURY INSTRUCTIONS</u>

(All citations are to the Red Book Criminal Jury Instructions.)

<u>General Instructions</u>

| | |
|---|---|
| 1.02 | Note Taking by Jurors |
| 1.03 | Preliminary Instruction Before Trial |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.07 | Questions Not Evidence |
| 1.08 | Expert Testimony |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness (if applicable) |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness (if applicable) |
| 1.12 | Impeachment by Proof of Conviction of a Crime - Witness |
| 1.12A | Impeachment by Proof of Pending Case, Probation, or Parole - Witness |
| 1.13 | Impeachment by Proof of Conviction of a Crime - Defendant (if applicable) |
| 1.14 | Impeachment of Defendant – Statements (if applicable) |
| 1.20 | Questions by Jurors (if Court allows jurors to ask questions) |
| 1.21 | Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed |
| 1.22 | A Juror's Recognition of a Witness or Other Party Connected to the Case |
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in Case - Stipulations (if applicable) |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment Not Evidence |

2.07        Inadmissible and Stricken Evidence

2.08        Burden of Proof- Presumption of Innocence

****        Reasonable Doubt

We request that in place of Instruction 2.09 from the Red Book, this Court give Instruction 21, Definition of Reasonable Doubt, from <u>Pattern Criminal Jury Instructions</u>, which was approved by this circuit in <u>United States v. Taylor</u>, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

2.10        Direct and Circumstantial Evidence

2.11        Credibility of Witnesses

2.13        Number of Witnesses

2.14        Nature of Charges Not to be Considered

2.22A       Witness with a Plea Agreement

2.24        Informer's Testimony

2.26        Police Officer's Testimony

2.27        Failure of Defendant to Testify (if applicable)

2.28        Defendant as Witness (if applicable)

2.29        False or Inconsistent Statement by Defendant

2.51        Other Crimes Evidence

2.52        Multiple Counts - One Defendant

2.71        Selection of Foreperson

2.72        Unanimity of Verdict

2.73        Exhibits During Deliberations

2.74        Possible Punishment Not Relevant

2.75        Communications between Court and Jury During Jury's Deliberations

2.76        Furnishing the Jury with a Copy of the Instructions

3.02        Proof of State of Mind

3.11        Consensual Tape Recording

4.30        Distribution of a Controlled Substance with Intent to Distribute (including Aggravating Circumstances)

3.08        Possession

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
ARVIND K. LAL
MATTHEW P. COHEN
Assistant United States Attorney
555 Fourth Street, NW, Room 4217
Washington, D.C. 20530
202-353-8833 (Lal)
202-514-7427 (Cohen)
Arvind.Lal@USDOJ.gov
Matthew.Cohen2@USDOJ.gov